## JURISDICTION OF A MAGISTRATE IN ATTACHMENT.

Circuit Court of Cuyahoga County.

### C. W. JAMISON v. COOPER MEDICINE CO.

Decided, December 9, 1907.

*Attachment and Garnishment—No Presumption that a Justice of the Peace Had Jurisdiction.*

1. To confer jurisdiction on a justice of the peace in an attachment case it must appear, either that personal service was had upon the defendant, or that property of the defendant has been taken in attachment, or found in the hands of a garnishee, or that a garnishee is indebted to the defendant.
2. There is no presumption favoring the correctness of a judgment of a justice of the peace, and to support a judgment of his court it must affirmatively appear by the record that it had obtained jurisdiction over the person or property of the defendant.

*George A. Groot,* for plaintiff in error.
*C. N. Fiscus,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. The plaintiff brought suit against the defendant before a justice of the peace, and at the time of bringing the suit filed an affidavit

for attachment and garnishment, averring that Benton-Hall & Company, Strong, Cobb & Company and W. G. Marshall had property in their possession and rights in action, the property of the defendant and were indebted to the defendant. Summons was issued to the defendant and an order of attachment served upon Benton-Hall & Company, Strong, Cobb & Company and W. G. Marshall, as garnishees. None of these parties garnisheed made any answer in the case, and the return of the officer serving the notice or order upon said garnishees shows, that he did not take possession of any property of the defendant in the hands of any one of said garnishees. The officer failed to find the defendant and thereupon the case was continued for service by publication, which was duly made, and then upon the case being called before the justice at the time to which it was adjourned, and the defendant not appearing, the justice proceeded to hear the case, and rendered judgment for the plaintiff. To reverse this judgment of the justice the defendant filed a petition in error in the court of common pleas, and on hearing in that court the judgment of the justice was reversed. The present proceeding is brought to reverse this judgment of reversal.

One of the claims made by the defendant in error is that the justice was without jurisdiction to render any judgment against him, because, it is said, no personal service was had upon the defendant, and no property of his was brought into court or under control of the court by the proceedings in attachment and garnishment.

If this contention is true, of course the common pleas was right in reversing this judgment of the justice.

Section 6496, Revised Statutes of Ohio, provides for the obtaining of services upon the defendant by publication in attachment proceeding:

"When any property of the defendant has been taken under an order of attachment," etc.

In this case it will be noted that no property was taken.

Section 6503, Revised Statutes of Ohio, provides what shall be done if the garnishee appears and answers and it is discovered on his examination, that at or after the service of the order

of attachment and notice upon him he was possessed of any property of the defendant, or was indebted to him.

It will be noticed that this case is not governed by the statute just quoted, because it did not appear that either of the garnishees had any property of the defendant, or was indebted to him.

Section 6504, Revised Statutes of Ohio, provides what may be done if the garnishee fail to appear and answer, or if he appear and answer and his disclosure is not satisfactory to the plaintiff in such case the plaintiff may proceed in an action against the garnishee.

It will be noticed that that course was not here pursued and we know of no provision of law which authorized the proceeding which was here had, to-wit, the proceeding by the justice to enter a judgment against the defendant where no service had been made upon him, no property had been taken in attachment, and no property had been found in the hands of any garnishee, nor was it found that any garnishee was indebted to the defendant. It can not be doubted that the justice was without jurisdiction to render judgment against the defendant, where personal service was not made upon him, unless he found that there was property or rights in action of the defendant which were within his jurisdiction. The transcript of the docket of the justice shows no finding in this regard, and so it is urged on the part of the plaintiff in error that the justice must have found that there was property or rights in action of the defendant within his jurisdiction, and that in the absence of any finding that there was no such property, the reviewing court was bound to assume that he did find it, because, it is said, that every presumption must be taken in favor of the correctness of the judgment of the justice, and therefore, the presumption must prevail that some fact existed which gave him jurisdiction.

This proposition is not sound. See *Robbins* v. *Clemons*, 41 Ohio St., 285, where the syllabus reads:

"1. The jurisdiction of a justice of the peace in this state is inferior and limited; and to support a judgment of his court the record must show that it had obtained jurisdiction over the person of the defendant.

"2.   Section 14, of the act of March 13th, 1853, regulating the jurisdiction and procedure before justices of the peace, provides that summons must be served by delivering a copy thereof with the indorsements thereon duly certified to the defendant, or leaving the same at his usual place of residence:

"*Held*:   That a return by the constable of service of summons in these words, 'served on the second day of January, 1861, by reading' shows a want of service and not merely a defective service or return; and where the record does not otherwise show that jurisdiction of the defendant was obtained a judgment by default is a nullity and may be attacked collaterally."

Of course, in attachment, it is not necessary under a proper state of facts that personal service be made upon the defendant, and this case is cited not for the purpose of showing that the justice was without jurisdiction for want of personal service on the defendant, but simply for the purpose of showing that the presumption which arises in courts of general jurisdiction, that the court had jurisdiction in the case, unless the contrary appears by the record, does not apply to cases before a justice of the peace, and that when the record fails to show that the justice had jurisdiction, the reviewing court must find that he was without jurisdiction.   This being so, it follows that he was without jurisdiction, and that the judgment of the court of common pleas reversing the judgment of the justice of the peace was right, and said judgment of the court of common pleas is affirmed.